# United States District Court
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>JERMAINE ANTONIO ARMSTRONG | JUDGMENT IN A CRIMINAL CASE<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: <u>4:04CR634-TLW</u> (001)<br><br>US Marshal's Number: <u>11110-171</u><br><br><u>John M. Ervin, III, CJA</u><br>Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) on
☐ pleaded nolo contendere to count(s) on which was accepted by the court.
■ was found guilty on count(s) <u>one (1), two (2), three (3) and four (4)</u> on <u>December 7, 2004</u> after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) and 841(b)(1)(B) | Please see indictment | 12/18/03 | 1 |
| 21:841(a)(1) and 844 (b)(1)(C) | Please see indictment | 06/02/04 | 2 |
| 18:922(g)(1) and 924(e) | Please see indictment | 06/02/04 | 3 |
| <u>18:924(c)(1)(A)</u> | Please see indictment | <u>06/02/04</u> | <u>4</u> |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s) ☐ is ☐ are    dismissed on the motion of the United States.
☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court or United States attorney of any material change in the defendant's economic circumstances.

```
_____April 14, 2005_____
                Date of Imposition of Judgment

_____s/ Terry L. Wooten_____
                Signature of Judicial Officer

_____Terry L. Wooten, United States District Judge_____
                Name and Title of Judicial Officer

_____April 15, 2005_____
                Date
```

AO 245B (SCD Rev. 12/03) Judgment in a Criminal Case
    Sheet 2 - Imprisonment

DEFENDANT: JERMAINE ANTONIO ARMSTRONG
CASE NUMBER: 4:04CR634-TLW (001)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of four hundred and twenty-five (425) months. This term of imprisonment consists of one hundred and twenty (120) months as to Counts One (1) and Three (3), two hundred and forty (240) months as to Count Two (2), and four hundred and twenty-five (425) months as to Count Four (4); all such terms to run concurrently.

☐  The court makes the following recommendations to the Bureau of Prisons:

■  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
   ☐ at a.m./p.m. on.
   ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

UNITED STATES MARSHAL

By _____
Deputy United States Marshal

AO 245B (SCD Rev. 12/03) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT: JERMAINE ANTONIO ARMSTRONG
CASE NUMBER: 4:04CR634-TLW (001)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>eight (8) years</u>. This term consists of a term of <u>eight (8) years</u> as to Count One (1), <u>four (4) years</u> as to Count Two (2), <u>three (3) years</u> as to Count Three (3), and <u>five (5) years</u> as to Count Four (4); all such terms shall run concurrently. While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in Title 18 U.S.C. § 3583(d). The defendant shall also comply with the following special conditions:

1. The defendant shall participate in a program of testing and treatment for drug/alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.
2. The defendant shall participate in a program of self-help or training as deemed necessary by the probation officer.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.
*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable)

☒ The defendant shall cooperate in the collection of DNA as directed by the Probation Office. (Check, if applicable)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the Probation Office. (Check, if applicable)

☐ The defendant shall participate in an approved rehabilitation program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCD Rev. 12/03) Judgment in a Criminal Case
Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT: JERMAINE ANTONIO ARMSTRONG
CASE NUMBER: 4:04CR634-TLW (001)

# CRIMINAL MONETARY PENALTIES

> The defendant will make all checks and money orders payable to the "**Clerk, U.S. District Court**" unless otherwise directed by the court.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $400.00 | | |

☐ The determination of restitution is deferred until  An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed on the next page.

  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified in the priority order or percentage payment column on the next page.  However, pursuant to 18 U.S.C. § 3664(8), all nonfederal victims must be paid in full prior to the United States receiving payment.

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . **$**

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐  The interest requirement is waived for the ☐ fine and/or ☐ restitution.
  ☐  The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (SCD Rev. 12/03) Judgment in a Criminal Case
            Sheet 5 Part B - Criminal Monetary Penalties

DEFENDANT: <u>JERMAINE ANTONIO ARMSTRONG</u>
CASE NUMBER: <u>4:04CR634-TLW</u> (001)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ■  Lump sum payment of <u>$400.00 (special assessment)</u> due immediately, balance due

☐ not later than , or

☐ in accordance with    ☐ C,    ☐ D, or    ☐ E below; or

B  ☐  Payments to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ E below); or

C  ☐  Payments in (e.g., equal, weekly, monthly, quarterly)  installments of <u>$</u> over a period of (e.g., months or years), to commence after the date of this judgment; or

D  ☐  Payments in (e.g., equal, weekly, monthly, quarterly)  installments of <u>$</u> over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant names and case numbers (including defendant number), total amount, joint and several amount, and corresponding payee, if applicable.

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in property as directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment:

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.