UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Case No. 4:04-cr-634-TLW |
| vs. | ) | |
| | ) | ORDER |
| Jermaine Antonio Armstrong | ) | |
| _____ | ) | |

This matter is before the Court on the Defendant's <u>pro se</u> motion, filed on March 11, 2011, to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. # 113).

This Court previously sentenced the Defendant on April 14, 2005, to a total term of imprisonment of four hundred twenty-five (425) months,[1] and the judgment was entered accordingly on April 15, 2005. Defendant filed a notice of appeal on April 25, 2005. The decision of this Court was affirmed on appeal by Order issued December 13, 2007. In the present motion, pursuant to 18 U.S.C. § 3582(c)(2), Defendant requests the Court to "give retroactive effect to the Amendment entitled Criminal History (12) under U.S.S.G. §1B1.10, and reduce his sentence from its current sentence to an amended sentence deemed appropriate by the court." Although Defendant refers to "Amendment 12," the Amendment Defendant is referring to and discusses in his motion is Amendment 709, which altered the method of computation of criminal history points for related

---

[1]This term of imprisonment consists of one hundred twenty (120) months as to Counts 1 and 3, two hundred forty months (240) as to Count 2 and four hundred twenty-five (425) months as to Count 4, all such terms to run concurrently.

1

prior sentences under the U.S. Sentencing Guidelines.  The government opposes Defendant's

motion.[2]

A judgment of conviction that includes a sentence of imprisonment is generally considered

a final judgment for all purposes.   18 U.S.C. § 3582(c) provides as follows:

**(c)**    **Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that–

**(1)** in any case--

**(A)**    the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

**(i)**    extraordinary and compelling reasons warrant such a reduction; or

**(ii)**    the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

---

[2]In its response in opposition, the Government asserts that Defendant is attempting to relitigate his sentence and notes that the appropriate vehicle to attack his sentence is a petition under Title 28, United States Code, Section 2255.  The Government also notes that Defendant has previously filed such a petition, which was denied by the district court and affirmed on appeal to the Fourth Circuit Court of Appeals. United States v. Armstrong, 366 Fed. Appx. 476 (4th Cir. 2010).  The Government asserts that in order to file a second or subsequent petition, Mr. Armstrong must first obtain permission from the Fourth Circuit Court of Appeals. United States v. Winestock, 340 F.3d 200 (4th Cir. 2003).  Although the Court has ruled on the motion as filed, the Court does note that it also finds the Governments legal position to be accurate, and sufficiently persuasive.

**(B)**      the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

**(2)**      in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

There are very limited circumstances which allow a court to modify a term of imprisonment. 18 U.S.C. § 3582(b), (c). Those limited circumstances only allow a court to modify a term of imprisonment if "the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). In this case, the Director of the Bureau of Prisons has not filed any motions. The Government has not filed a Rule 35 motion and has opposed the Defendant's motion.

Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission**." (Emphasis added). The applicable policy statement is found in U.S.S.G. § 1B1.10(a). This section provides:

3

Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582 is not consistent with this policy statement and thus not authorized.

The Fourth Circuit has held that only amendments listed in § 1B1.10(c) may be the subject of a motion under 18 U.S.C. § 3582(c)(2). See United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004). As of the date of this order, Amendment 709 is not listed in U.S.S.G. § 1B1.10(c). As Amendment 709 does not apply retroactively, it is inapplicable to this case. Accordingly, Defendant's motion is without merit. United States v. Moss, No. 10-6316, 2010 WL 2640086, at *1 (4th Cir. June 28, 2010) (unpublished); United States v. White, Nos. 9-7790, -2136, 2010 WL 1735508, at *1 (4th Cir. Apr. 29, 2010) (unpublished); United States v. Jennings, No. 1:05CR00021, 2008 WL 114912, at *1 (W.D.Va. Jan. 11, 2008).

For the reasons stated above, the court finds that the Defendant has not set forth a sufficient basis to warrant a modification or reduction in his sentence, and therefore, the motion is hereby **DENIED**.  (Doc. # 113).

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**

**UNITED STATES DISTRICT JUDGE**

April 13, 2011
Florence, South Carolina

4