IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America,<br><br>    v.<br><br>Jermaine Antonio Armstrong | Crim. No. 4:04-cr-00634-TLW-1<br><br>**Order** |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that reduce drug sentences and applies retroactively to certain defendants previously sentenced. After careful review of the new law and Fourth Circuit caselaw, the Court concludes that he is eligible for relief under the First Step Act and grants his motion.

Defendant was convicted at trial of four counts:

Count 1:   Possession With Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii);

Count 2:   Possession With Intent to Distribute a Quantity of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);

Count 3:   Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1);

Count 4:   Possession of a Firearm During and In Relation To a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c).

After taking into account the § 851 Information that the Government previously filed, his statutory sentencing ranges were as follows:

Count 1:   10 years to Life, followed by at least 8 years of supervised release;

1

| | |
|---|---|
| Count 2: | Up to 20 years, followed by at least 4 years of supervised release; |
| Count 3: | Up to 10 years, followed by up to 3 years of supervised release; |
| Count 4: | 5 years to Life consecutive, followed by up to 5 years of supervised release. |

PSR ¶¶ 105, 109.

His Guidelines range at sentencing—after taking into account his career offender designation and his § 924(c) conviction—was 420 months to Life, followed by 8 years of supervised release. PSR ¶¶ 106, 112. The Court imposed an overall sentence of 425 months (35 years, 5 months), followed by an 8-year term of supervised release. ECF No. 42.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(B)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(B)(iii) by increasing the threshold amount of crack from 5 grams to 28 grams. The Fourth Circuit has recently considered the question of when a defendant is eligible for relief under the First Step Act, ultimately holding that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act—is

serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act." *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (citations omitted). Because Defendant is serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(B)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).

In Defendant's motion, he requests a full resentencing hearing. *See* ECF No. 125 at 10. Judge Currie has recently considered this question and concluded that a First Step Act defendant is not entitled to a full resentencing. *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921, at *2–3 (D.S.C. Apr. 15, 2019). The Court notes Judge Currie's thorough, well-reasoned opinion and adopts her analysis of the applicable law in this case. Thus, the Court concludes that although Defendant is eligible for a sentence reduction, he is not entitled to a full resentencing. *See also United States v. Wirsing*, 943 F.3d 175, 181 n.1 ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").

Pursuant to the First Step Act and as referenced in the Sentence Reduction Report (SRR) prepared by the U.S. Probation Office, the statutory penalties applicable to Defendant on Count 1 have been reduced to a maximum of 30 years incarceration and at least 6 years supervised release. In light of the new statutory maximum, his Guidelines range is now 360 months to Life. U.S.S.G. § 4B1.1(c).

Although Defendant was convicted in Count 1 of possessing with intent to distribute 5 grams or more of crack in violation of § 841(b)(1)(B), he was held

accountable at sentencing for a crack weight of 512.53 grams. That would be an adequate basis to deny his motion based on the likelihood that if § 841(b)(1)(B)'s post-Fair Sentencing Act threshold amount of 28 grams (1 ounce) had been in place at the time of his sentencing, the Government would have charged that higher threshold amount. *See, e.g.*, *United States v. Crawford*, No. 4:05-cr-00470-TLW-1, 2020 WL 95689, at *2 (D.S.C. Jan. 8, 2020) (denial by this Court of a First Step Act motion where the defendant was convicted of 50 grams or more of crack, but was held accountable for a crack weight of 5.4 kilograms), *appeal docketed*, No. 20-6098 (4th Cir. Jan. 22, 2020). However, there are other facts that, in light of the enactment of Congress of the First Step Act to reduce drug penalties for crack, that weigh in Defendant's favor.

The factual basis of Count 1 was that Defendant was arrested with 7.53 grams of crack in his possession, which led to the federal charge of possessing with intent to distribute 5 grams or more of crack. *See* PSR ¶¶ 18–19. The amount he possessed at that time, which is the conduct that formed the basis of Count 1, was lower than the current 28-gram threshold in § 841(b)(1)(B). Thus, if the Fair Sentencing Act had been in place at the time of his indictment, he likely would have been charged with possessing with intent to distribute a quantity of crack, in violation of § 841(b)(1)(C), not (b)(1)(B). For that reason, he is unlike most other defendants where it is reasonable to conclude that, based on their relevant conduct, they would have been charged under the current threshold amounts if the Fair Sentencing Act had been in place at the time of their indictments.

In summary, when Defendant was originally sentenced, his Guidelines range was 420 months to Life. The Court sentenced him to 425 months. In light of the enactment of the First Step Act, passed by Congress and signed into law by the President, which applies to him, his Guidelines range has been reduced to 360 months to Life. In his motion, he says that, "[a]t the very least, [he] is entitled to be re-sentenced to a reduced term of 360 months . . . ." ECF No. 125 at 10. In its response, "the Government agrees that the Defendant does appear to be qualified for *consideration* of reduced terms of incarceration and supervised release as set forth in the SRR. Whether such a reduction is appropriate, however, is ultimately a matter within the Court's discretion." ECF No. 129 at 4 (emphasis in original).

In considering whether or how much to reduce Defendant's sentence, the Court has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. The Court has also considered the additional arguments set forth in his amended reply, including his arguments regarding the impact of his career offender designation, that he was a "drugs only" career offender, his recidivism risks, research about brain development, the applicability of *Dean v. United States*, 137 S. Ct. 1170 (2017), and his minimal prison disciplinary history. ECF No. 131.

Defendant's conduct in this case and his prior record are set forth in the PSR. He remains a career offender based on drug convictions. He had 15 criminal history points, which put him in a criminal history category VI even without the career

offender designation.[1]  These factors, among others, weigh against him.

As noted above, Defendant was held accountable at sentencing for 512.53 grams (18 ounces) of crack, along with 1,113.95 grams (39 ounces) of cocaine.  Many federal drug defendants have much higher amounts of drugs assigned to them for sentencing purposes than Defendant does here.  Those are the defendants who are sentenced to the longer sentences in federal court, like the sentence imposed here.  This defendant, again, was involved with significantly less drugs than other federal defendants, but was sentenced to over 35 years imprisonment, without the possibility of parole.

Many defendants who receive lengthy sentences like the sentence this defendant is serving here have violent convictions on their record before they are charged federally.  That is not the case here.  Many federal drug defendants have served time in state prison for drug convictions before being convicted in federal court.  That is not the case here.  The defendant here was sentenced to probation or time served on his previous state convictions.  He had not served a significant sentence prior to his current federal sentence.

These factors weigh in his favor and warrant a reduction in his sentence based on the § 3553(a) sentencing factors, which the Court carefully considered here.  The Court concludes that the facts of this offense, including the drug amounts noted, and the absence of violent convictions distinguish this defendant from those defendants

---

[1] The Court notes that he received two criminal history points because the instant offense was committed less than two years after his release from custody on a prior conviction.  This provision has since been removed from the Guidelines.

who have had significant sentences imposed comparable to the sentence Defendant is now serving. The Court will now apply the new range in light of the First Step Act as set forth in the SRR for the reasons stated. The sentence that the Court will now impose is 336 months (28 years)—still a significant sentence as there is no parole in the federal system.

Pursuant to the First Step Act, for the reasons set forth above, Defendant's motion, ECF No. 125, is therefore **GRANTED**. In light of the drug weights assigned to him, his conduct, and the § 3553(a) factors as noted, he is now sentenced to an overall term of 336 months (28 years) incarceration, followed by 6 years of supervised release.[2] An amended judgment will follow.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

September 24, 2020
Columbia, South Carolina

---

[2] To the extent that this sentence is below the Guidelines range noted, after applying the § 3553(a) factors as specifically stated, the Court will vary down to impose a sentence of 336 months. *See also* U.S.S.G. § 4A1.3(b)(1) (criminal history can be evaluated when imposing a sentence and is relevant to a departure under the Guidelines). Counsel for the parties agree that the currently-applicable Guidelines range is 360 months to Life, as stated in Probation's SRR. The Court varies downward from this Guidelines range to impose the sentence of 336 months for the reasons stead in this order.