UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:04-cr-00634-TLW-1 |
| v. | **Order** |
| Jermaine Antonio Armstrong | |

This matter is before the Court on Defendant Jermaine Antonio Armstrong's motion and amended motion for reconsideration of the order granting his motion for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. In granting his First Step Act motion, the Court reduced his original 425-month sentence to 336 months. Noting this reduction, the Court will outline why no relief is appropriate on his motion for reconsideration.

"Because there is no provision in the Federal Rules of Criminal Procedure that governs a motion for reconsideration, courts are guided by analogy to the standards established by the civil rules." *United States v. Mallory*, 337 F. Supp. 3d 621, 626 (E.D. Va. 2018) (citation omitted). Under the civil rules, a Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted).

As discussed in more detail in the order ruling on Armstrong's First Step Act motion, he was convicted at trial of possession with intent to distribute 5 grams or

1

more of cocaine (Count 1), possession with intent to distribute a quantity of cocaine (Count 2), being a felon in possession of a firearm (Count 3), and possession of a firearm during and in relation to a drug trafficking crime (Count 4). The Court originally sentenced him as a career offender to a within-Guidelines sentence of 425 months imprisonment, followed by an 8-year term of supervised release. His imprisonment sentence consisted of 120 months on Counts 1 and 3, 240 months on Count 2, and 425 months on Count 4, all to run concurrently. ECF No. 42.

Many years later, as a result of the First Step Act, the Court granted Armstrong's motion for a sentence reduction. The Court based its ruling on a full evaluation of the record, including the relatively low drug weight assigned to him and the lack of violent convictions in his record. The Court varied below the Guidelines range of 360 months to Life that applies after the First Step Act and imposed an overall sentence of 336 months imprisonment, followed by a 6-year term of supervised release. His imprisonment sentence consists of 276 months on Count 1, 240 months on Count 2, 120 months on Count 3, and 60 months consecutive on Count 4. ECF No. 134.

In Armstrong's motions for reconsideration, he raises several arguments for why the Court should amend its order, including (1) his objection at sentencing to the § 851 Information; (2) that in the course of reducing his overall sentence, the Court increased his sentence on Count 1; (3) the four-level enhancement in Paragraph 63 of the PSR should not have been applied; (4) the conduct in Count 1 did not involve a firearm; (5) his drug weight is incorrect; (6) his recidivism risk and minimal

disciplinary history; and (7) the risk posed to him by COVID, particularly given his medical conditions of asthma, arthritis, and obesity.[1] The Court has carefully considered the arguments he raises in his motions, but ultimately concludes that no further relief is warranted.

Regarding the § 851 Information, Armstrong is correct that he objected to it at sentencing, but the only basis for his objection was that it was not charged as part of the indictment. At sentencing, he acknowledged that he had at least one conviction necessary to satisfy the requirements of 21 U.S.C. § 851. *See* Sent Tr. 4–5. There was and is no basis for his objection because the requirements of § 851 are satisfied if the Government files the Information prior to trial or guilty plea, which the Government did here. *See United States v. Bunch*, 395 F. App'x 996, 997–98 (4th Cir. 2010).

As to Armstrong's second argument, he is correct that the Court increased his sentence on Count 1. However, that was part of his overall sentence reduction of 89 months. At his initial sentencing, the Court imposed a total sentence of 425 months, which was within the Guidelines range of 420 months to Life applicable under § 4B1.1, the career offender guideline. PSR ¶ 73. On the § 924(c) count, the better approach would have been to set out a specific sentence consecutive to the sentences on the other counts. In reducing his overall sentence under the First Step Act, the Court addressed that issue. As part of his overall sentence reduction, the Court

---

[1] These arguments were all raised in his initial motion for reconsideration. In his amended motion for reconsideration, he only raises the argument about the increased sentence on Count 1. However, out of an abundance of caution, the Court will address each of the arguments he raised in his initial motion.

changed his sentences on Counts 1 and 4.[2] The Court changed his sentence on Count 1 from 120 months to 276 months and changed his sentence on Count 4 from 425 months concurrent to 60 months consecutive. Again, the net effect for him is that he received an overall sentence reduction of 89 months. After careful consideration and as outlined in the First Step Act order, the Court concludes that no additional relief is warranted.[3]

Regarding the four-level enhancement in Paragraph 63 of the PSR, that enhancement did not have any effect on his ultimate Guidelines range because it was trumped by his higher career offender Guidelines range. Thus, even if he were correct, it would not change his Guidelines range and would not affect his sentence.

As to the lack of a gun in connection with Count 1, the Court is aware of that fact, having reviewed the summary of the facts of Count 1 in Paragraphs 18 and 19 of the PSR. Those facts were part of the Court's consideration in imposing an appropriate sentence in light of the First Step Act. No further relief is warranted.

As to Armstrong's drug weight, he is correct that he objected to the drug weights at sentencing, but the Court declined to rule on the objection because, as the Court ruled at the time, "the drug weights don't determine the sentence in this case" because the drug calculation was trumped by his career offender designation and the

---

[2] His sentences on Counts 2 and 3 were not changed.

[3] If the Court could not alter his sentence on Count 1 as part of the overall sentence reduction, the Court would instead leave in place the 120-month sentences on Counts 1 and 3, leave in place the 240-month sentence on Count 2, and impose a 96-month consecutive sentence on Count 4. That would maintain the overall sentence of 336 months that the Court imposed after granting his First Step Act motion.

resulting higher Guidelines range. Sent. Tr. 26. The Court was aware of his challenge to the drug weights when it reduced his sentence under the First Step Act. In fact, the Court noted that the drug weights reflected in the PSR were lower than those of many drug defendants who receive lengthy federal sentences, which was part of the basis for the Court varying below the current 360 months-to-Life Guidelines range to impose a 336-month sentence. *See* ECF No. 133 at 6. Although he disputes the drug weights in the PSR, a ruling favorable to him would be of no consequence because his career offender designation, not the drug weights, determind his Guidelines ranges at sentencing and under current law. Thus, no additional relief is warranted.

Finally, in reducing Armstrong's sentence to 336 months, the Court took into account recidivism risks and his prison disciplinary history. The Court reduced his sentence in September 2020, only about six months into the COVID pandemic. The Court was well-aware of the risk posed by COVID to inmates and took that into account when imposing the new sentence.[4]

For the reasons discussed above, Armstrong's motion and amended motion for reconsideration, ECF Nos. 137, 138, are **DENIED**.

---

[4] There is no indication in the record whether he is vaccinated, but it would not help him either way. If he has chosen to get vaccinated, then his risk from COVID has been greatly reduced. If he has not chosen to get vaccinated, that would diminish his argument that he is truly concerned about COVID.

**IT IS SO ORDERED.**[5]

s/ Terry L. Wooten
Terry L. Wooten
Senior United States District Judge

February 10, 2022
Columbia, South Carolina

---

[5] In light of this order, the remaining outstanding motion, ECF No. 144, is terminated as **MOOT**.